IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CR 02-405-01-RE
                                             CV 06-41-RE
                    Plaintiff,
                                             OPINION AND ORDER
v.

ANTONIO IRVING BENJAMIN

                    Defendant.


KARIN J. IMMERGUT
United States Attorney
KATHLEEN L. BICKERS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

        Attorneys for Plaintiff


1 - ORDER

ANTONIO IRVING BENJAMIN
Fed Reg. No. 58564-065
FCI Victorville II
P.O. Box 5700
Adelanto, CA 92301

      Defendant Pro Se

REDDEN, Judge.

      The matters before the court are defendant's petition under 28 U.S.C. § 2255 to vacate or correct sentence (doc. 1 - CV 06-41, doc. 37 - CR 02-405-01) and motion to alter or amend judgment (doc. 41) and plaintiff's motion to dismiss defendant's § 2255 petition (doc. 42).

      Plaintiff's Motion to Dismiss.

      Defendant asserts his sentence is unconstitutional because the relevant conduct for sentencing purposes was determined by the court, not by a jury as required by Blakely v. Washington, 524 U.S. 296 (2004), and the length of the sentence was based impermissibly on mandatory sentencing guidelines.  United States v. Booker, 543 S. Ct. 220 (2005).  He argues the court would have imposed a lesser sentence if the guidelines had been advisory.

      On June 12, 2003, defendant pled guilty to count 1 of an indictment charging possession of cocaine base exceeding five grams.  On October 7, 2003, a final judgment of conviction was entered sentencing defendant to 120 months imprisonment pursuant to mandatory sentencing guidelines.   Defendant did not appeal the sentence.

      Plaintiff moves to dismiss defendant's § 2255 petition as untimely because it

2 - ORDER

was filed more than one year after his conviction became final.  A § 2255 petition may be filed within one year either of the date of the final conviction or the date on which the right asserted was finally recognized by the Supreme Court.  28 U.S.C. § 2255 (1) and (3).

The Supreme Court decided Blakely on June 24, 2004, and Booker on January 12, 2005.  Defendant's petition was filed on January 6, 2006, and, therefore, is timely as to the constitutionality of his sentence under Booker,[1] but not timely as to his challenge based on Blakely.

The court, therefore, grants plaintiff's motion to dismiss as to defendant's Blakely claim, but not as to his Booker claim.

Motion to Set Aside or Vacate Sentence.

The Ninth Circuit has held Booker does not apply retroactively to cases such as this on collateral review, where the defendant's conviction was final on the date of Booker's publication.  U.S. v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005)(as to Booker).

Defendant's motion is denied.

Motion to Alter or Amend Judgment, or for Reconsideration.

On January 5, 2005, I issued an order denying defendant's motion for reduction of sentence.  I will not reconsider that order.

The court, therefore, **DENIES** defendant's petition to vacate, set aside, or correct sentence (doc. 1 and doc. 37) and **DENIES** defendant's motion to alter or amend

---

[1] The Supreme Court has not determined whether Booker should be applied retroactively in all cases.

3 - ORDER

judgment, or for reconsideration (doc. 41) and **GRANTS in part** and **DENIES in part**

plaintiff's motion to dismiss defendant's § 2255 petition (doc. 42).

IT IS SO ORDERED.

DATED this 20th day of April, 2006.

 /s/ James A. Redden
James A. Redden
United States Senior District Judge

4 - ORDER